45D05-2201-CT-000038

Filed: 1/13/2022 7:57 PM
Clerk
Lake County, Indiana

USDC IN/ND case 2:22-cv-00061-PPS-JEM   document 3   filed 01/13/22   page 1 of 13

Lake Superior Court, Civil Division 5

| STATE OF INDIANA | ) | IN THE LAKE SUPERIOR COURTS |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF LAKE | ) | CAUSE NO. |

ARTHUR MARTIN,                     )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    **JURY TRIAL DEMANDED**
                                   )
ANDREW J. THOMPSON AND             )
SHAPERO & ROLOFF CO., L.P.A.       )
                                   )
        Defendants.                )

## COMPLAINT

Plaintiff, Arthur Martin ("Martin"), for his Complaint against Defendants, Andrew J. Thompson ("Thompson") and Shapero & Roloff Co., L.P.A. ("Shapero & Roloff"), states as follows:

### FACTS COMMON TO ALL COUNTS

1. This is a legal malpractice action for damages against a law firm, Shapero & Roloff and its member, Thompson (collectively, "Defendants") for breaches of their duties owed to their client, Martin.

2. The Plaintiffs seek to recover all damages caused by Defendants' legal malpractice.

3. On November 30, 2021, Martin was terminated by his employer, Indiana Harbor Belt Railroad Company ("IHB").

4. Martin worked for IHB, which company is located in Hammond, Indiana, from April 20, 2010 until November 30, 2021.

5. On or about February 17, 2021, Martin retained Thompson and Shapero & Roloff to represent him in his claim against IHB for damages related to violations of the Federal

1

Railroad Safety Act ("FRSA"), and any other applicable claims, in connection with Martin's employment with Indiana Harbor Belt Railroad Company.

6. On March 30, 2021, on behalf of Martin, Shapero & Roloff filed a Complaint with the U.S. Department of Labor, under the FRSA, alleging IHB retaliated against Martin in violation of the FRSA, for reporting hazardous working conditions and for the filing of a previous FRSA complaint.

7. On April 2, 2021, Thompson filed a Designation of Representative with the U.S. Department of Labor indicating that he represented Martin. A copy of the Designation of Representation is attached hereto as **Exhibit 1**.

8. On July 30, 2021, Thompson emailed the U.S. Department of Labor indicating that Martin was interested in moving the matter to an Administrative Law Judge ("ALJ") and requested an Expedited Case Processing Form. Thompson advised Martin that this was the appropriate path to take to move the case forward.

9. On August 3 , 2021, in order to expedite processing of the Complaint and move the matter to review by an ALJ, Thompson on behalf of Martin, filed an Expedited Case Processing form requesting that the U.S. Department of Labor terminate its investigation and issue a determination. The form states, "I understand that if OSHA accepts my request and dismisses my complaint, I will need to file objections to OSHA's findings to request a hearing before an ALJ." A copy of the Expedited Case Processing form is attached hereto as **Exhibit 2**.

10. On August 19, 2021, the U.S. Department of Labor issued its findings ("the Findings"), concluding "OSHA is unable to conclude that there is reasonable cause to believe that a

violation of the statute occurred. OSHA hereby dismisses the complaint." A copy of the Findings are attached hereto as **Exhibit 3**.

11. On August 19, 2021, the U.S. Department of Labor emailed the Findings to Thompson, and Thompson received the Findings.

12. The Findings explicitly state that "Respondent and [Martin] have 30 days from the receipt of these Findings to file objections and request a hearing before an Administrative Law Judge (ALJ). If no objections are filed, these Findings will become final and not subject to court review." *See* **Exhibit 3**.

13. The Findings also state that "[t]he rules and procedures for handling of FRSA can be found in Title 29, Code of Federal Regulations Part 1982, and may be obtained at www.whistleblowers.gov." *See* **Exhibit 3**.

14. Thompson failed to provide the Findings to Martin.

15. Thompson negligently allowed the thirty (30) days to pass without filing objections to the Findings. Thompson also failed to request a hearing before an ALJ despite knowing that Martin wished to move the matter to an ALJ and despite filing the Expedited Case Processing form.

16. Thompson also failed to discuss the appeal options with Martin.

17. On August 16, 2021 and September 14, 2021, Martin emailed Thompson requesting a status update from Thompson. Thompson failed to respond to Martin's emails.

18. On September 29, 2021, having not heard anything from Thompson, Martin emailed Thompson regarding status and requesting a status update.

19. On September 29, 2021, Thompson emailed Martin back indicating he would call OSHA for an update and let Martin know. Thompson failed to inform Martin that the Findings had been issued over a month prior.

20. During this time period in August and September 2021, Martin also sent several text messages to Thompson requesting a status update.

21. On October 4, 2021, having not heard anything further from Thompson, Martin emailed Thompson again for a status update.

22. On October 5, 2021, Martin finally became aware that Thompson failed to file an objection to the Findings and failed to request an ALJ hearing.

23. On October 6, 2021, Thompson finally informed Martin of the appeal date that he missed, also indicating that he could no longer provide direct advice on the matter. Thompson stated in the October 6, 2021 email that "I would generally direct you to your State or County Bar Association and ask for a referral to an attorney who handles legal malpractice matters. I again express my deepest regrets for what happened."

## **PARTIES TO THIS LITIGATION/JURISDICTION/VENUE**

24. Plaintiffs repeat and reallege Paragraphs 1-23 against Defendants as though fully set forth herein.

25. Martin is a resident of Indiana, residing in Saint John, Indiana. He is a citizen of Indiana.

26. Martin worked for IHB, a company located in Hammond, Indiana.

27. The underlying claims in this case relate to Martin's employment with IHB.

28. Thompson is an attorney, licensed in the State of Ohio, being admitted to the Ohio bar in 1999.

4

29. At all relevant times, Thompson was an attorney for Shapero & Roloff, a law firm located in Cleveland, Indiana.

30. At all relevant times hereto, Thompson acted in his capacity as agent of Defendant, Shapero & Roloff.

31. This Court has subject matter jurisdiction pursuant to Ind. Code § 33-28-1-2 or 33-29-1-1.5.

32. This Court has both general and specific personal jurisdiction over Defendants pursuant to Ind. Trial Rule 4.4(A).

33. Venue is proper in this Court under Ind. Trial Rule 75(A) because Lake County is the county where Martin was employed with IHB and the county where Martin resides.

## COUNT I – LEGAL MALPRACTICE

34. Plaintiffs repeat and reallege Paragraphs 1-33 against Defendants as though fully set forth herein.

35. Thompson represented to Martin that he had the knowledge and expertise in FRSA and employment claims.

36. Martin's biography on his website states that "[Thompson] is a litigator concentrating his practice on Federal Employers' Liability Act [FELA] and other Railroad Law matters, including retaliation claims under the Federal Rail Safety Act [FRSA] and disability appeals before the Railroad Retirement Board."

37. Thompson owed a duty to act as a reasonable careful attorney when representing Martin in his FRSA and employment claims against IHB.

38. Thompson owed a duty to act as a reasonably careful attorney when representing Martin.

39. An attorney-client relationship exited between Martin and Thompson regarding Martin's FRSA and employment claims against IHB.

40. As a result of the attorney-client relationship between Martin and Thompson, Thompson owed Martin a duty to handle the representation of Martin in the FRSA and employment claims with the care and skill of a competent attorney.

41. Thompson breached his duty to act as a reasonable and competent attorney in one or more of the following ways, including but not limited to:

    a. his failure to timely appeal the Findings and request a hearing with an ALJ;
    b. his failure to communicate the Findings to Martin; and
    c. his failure to communicate the appeal options to Martin.

42. Thompson's negligent failure to adequately represent Martin constitutes a breach of duty owed by attorney to his clients.

43. Shapero & Roloff is vicariously liable for the professional negligence of Thompson.

44. As a direct and proximate result of the negligence of Defendants, Martin has been damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Arthur Martin, prays for judgment in his favor and against Defendants, Andrew J. Thompson and Shapero & Roloff, Co., LPA, in an amount commensurate with his damages, for the costs of this action, for trial by jury, for pre- and post-judgment interest, and for all other relief just and proper in the premises.

Respectfully submitted,

MANDEL RAUCH & LAMMERS, P.C.

By_____
Steven P. Lammers (Attorney No. 26443-64)
slammers@mhmrlaw.com
704 Adams Street, Suite F
Carmel, Indiana 46032
(317) 581-7440

*Attorney for Plaintiff, Arthur Martin*

## JURY DEMAND

Plaintiff, by counsel, hereby demand a trial by jury against the Defendants on all issues set forth in this cause of action.

MANDEL RAUCH & LAMMERS, P.C.

By_____
Steven P. Lammers (Attorney No. 26443-64)
slammers@mhmrlaw.com
704 Adams Street, Suite F
Carmel, Indiana 46032
(317) 581-7440

*Attorney for Plaintiff, Arthur Martin*

**45D05-2201-CT-000038**     Filed: 1/13/2022 7:57 PM
Clerk
USDC IN/ND case 2:22-cv-00061-RBS-JEM Lake Superior Court, Civil Division 5    filed 01/13/22    page 8 of 13 Lake County, Indiana

## U.S. DEPARTMENT OF LABOR
## OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION

### DESIGNATION OF REPRESENTATIVE

Arthur Martin

    v.      Case Number: 5-2210-21-084

Indiana Harbor Belt Railroad

TO:

Tim Crouse
Regional Supervisory Investigator
U.S. Department of Labor – OSHA
420 Madison Avenue, Room 600
Toledo, OH 43604
Telephone: (872) 600-0116
E-mail: crouse.tim@dol.gov

The undersigned hereby enters their appearance as representative of:

_Arthur Martin, Complainant_
in the above captioned matter:

*[Signature]*
Signature of Representative

Andrew J. Thompson
Type or Print Name

Attorney
Title

4/2/21
Date

Representative's Address and ZIP Code
Shapero Roloff Co., LPA
1350 Euclid Ave., Suite 1550
Cleveland, Ohio 44115

(216) 781-1700
Area Code    Telephone Number

E-mail address: athompson@shaperoroloff.com

**Andrew Thompson**

| | |
|---|---|
| From: | Andrew Thompson |
| Sent: | Wednesday, August 18, 2021 2:26 PM |
| To: | 'DeNova, Erin - OSHA' |
| Subject: | RE: IHB Railroad / Martin / Case No.: 5-2210-21-084 |
| Attachments: | Executed ecp request.pdf |

Please see attached executed ecp request document from my client. Please let me know if you need anything else. Thank you,

Andrew J. Thompson, Esq.
Shapero & Roloff Co., L.P.A.
1350 Euclid Avenue, Suite 1550
Cleveland OH 44115
T: (216) 781-1700 or (800) 321-9199
F: (216) 781-1972
athompson@shaperoroloff.com



This e-mail transmission contains information that is confidential and may be privileged. It is intended only for the addressee(s) named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** DeNova, Erin - OSHA <DeNova.Erin@dol.gov>
**Sent:** Monday, August 2, 2021 9:55 AM
**To:** Andrew Thompson <athompson@shaperoroloff.com>
**Subject:** RE: IHB Railroad / Martin / Case No.: 5-2210-21-084

Good Morning,

Attached is the ECP document that was requested. Please send the completed form to my attention so that I may process it and add to case file.

Thank you,

Erin

**From:** Andrew Thompson <athompson@shaperoroloff.com>
**Sent:** Friday, July 30, 2021 2:49 PM
**To:** DeNova, Erin - OSHA <DeNova.Erin@dol.gov>
**Cc:** Crouse, Tim - OSHA <Crouse.Tim@dol.gov>
**Subject:** IHB Railroad / Martin / Case No.: 5-2210-21-084

CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

1

IHB / Martin / 5-2210-21-084

## Expedited Case Processing Pilot Information and Request Form
*IHB / Martin / 5-2210-21-084*

__X__  I request that OSHA terminate its investigation and issue a determination pursuant to the Pilot. I understand that if OSHA accepts my request and dismisses my complaint, I will need to file objections to OSHA's findings to request a hearing before an ALJ. I am making this request freely and without coercion.

_____  I request that OSHA continue to conduct its investigation in the normal course.

*Arthur Martin*                                                               8/3/2021
**Signature**                                                                 **Date**

**Please respond with your decision within 10-business days.** You are expected to cooperate in the investigation of your complaint.

Please return this page to:

Tim Crouse
Regional Supervisor Investigator
OSHA Region V
420 Madison Ave., Room 600
Toledo, OH 43604
Crouse.Tim@dol.gov

3

**45D05-2201-CT-000038**
USDC IN/ND case 2:22-cv-00061-RPS-JEM Lake Superior Court, Civil Division 5 filed 01/13/22 page 11 of 13

Filed: 1/13/2022 7:57 PM
Clerk
Lake County, Indiana

U.S. Department of Labor

Occupational Safety and Health Administration
Chicago Regional Office
John C. Kluczynski Federal Building
230 S Dearborn Street, Suite 3244
Chicago, Illinois 60604-1694



**Via Email Only**

August 19, 2021

Andrew Thompson, Esq.
Shapero & Roloff Co., L.P.A.
athompson@shaperoroloff.com

Re: IHB Railroad / Martin / 5-2210-21-084

Mr. Thompson,

This is to advise you that we have completed our investigation of the above-referenced complaint filed by you on behalf of your client, Mr. Arthur Martin (Complainant) against Indiana Harbor Belt Railroad (Respondent) on March 30, 2021, under the Federal Railroad Safety Act (FRSA), 49 U.S.C. § 20109. In brief, Complainant alleged Respondent terminated his employment in reprisal for reporting hazardous working conditions and for the filing of a previous FRSA complaint.

Following an investigation by a duly-authorized investigator, the Secretary of Labor, acting through the Secretary's agent, the Regional Administrator for the Occupational Safety and Health Administration (OSHA), Region V, issues the following findings:

### Secretary's Findings

Complainant's employment was terminated on November 30, 2020. On March 30, 2021, Complainant filed a complaint with the Secretary of Labor alleging that Respondent retaliated against him in violation of the Federal Railroad Safety Act (FRSA), 49 U.S.C. § 20109. As this complaint was filed within 180 days of the alleged adverse action, it is timely.

Respondent is a railroad carrier within the meaning of 49 U.S.C. § 20109 and 49 U.S.C. § 20102. Respondent provides railroad transportation, in that it transports customer's goods using the general railroad system. Complainant is an employee within the meaning of 49 U.S.C. § 20109.

Under 29 C.F.R. Part 1982, Section 1982.105 states that the Assistant Secretary will issue, within 60 days of filing of the complaint, written findings as to whether or not there is reasonable cause to believe that the respondent has retaliated against the complainant in violation of FRSA. Since the filing of this complaint more than 60 days has lapsed and Complainant has requested that OSHA terminate its investigation and issue a determination. Based on the information gathered thus far in its investigation, OSHA is unable to conclude that there is reasonable cause to believe that a violation of the statute occurred. OSHA hereby dismisses the complaint.

IHB Railroad /Martin
5-2210-21-084
Page | 2

Respondent and Complainant have 30 days from the receipt of these Findings to file objections and request a hearing before an Administrative Law Judge (ALJ). If no objections are filed, these Findings will become final and not subject to court review.

Objections must be filed in writing with the Office of Administrative Law Judges:

Primary method - **via email to: OALJ-Filings@dol.gov**

Secondary method - via hard copy submission to:

>Chief Administrative Law Judge - Office of Administrative Law Judges
>U.S. Department of Labor
>800 K Street NW, Suite 400 North
>Washington, D.C. 20001-8002
>Telephone: (202) 693-7300; Fax: (202) 693-7365

With copies to:

>Joel Cornfeld
>General Counsel
>Indiana Harbor Belt Railroad
>2721 161st Street
>Hammond, IN 46323
>joel.cornfeld@ihbrr.com


>Regional Administrator
>Assistant Regional Administrator
>Toledo Area OSHA Office
>420 Madison Avenue, Room 600
>Toledo, OH 43604

In addition, please be advised that the U.S. Department of Labor does not represent any party in the hearing; rather, each party presents his or her own case. The hearing is an adversarial proceeding before an ALJ in which the parties are allowed an opportunity to present their evidence for the record. The ALJ who conducts the hearing will issue a decision based on the evidence and arguments, presented by the parties. Review of the ALJ's decision may be sought from the Administrative Review Board (ARB), to which the Secretary of Labor has delegated responsibility for issuing final agency decisions under the FRSA. A copy of this letter has been sent to the Chief Administrative Law Judge along with a copy of your complaint. The rules and procedures for the handling of FRSA can be found in Title 29, Code of Federal Regulations Part 1982, and may be obtained at www.whistleblowers.gov.

IHB Railroad /Martin
5-2210-21-084
Page | 3

Sincerely,

*Tim Crouse*
Tim Crouse
Regional Supervisory Investigator

Cc:   Respondent's Attorney
      Chief Administrative Law Judge, USDOL
      DOT